990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerzy JANKOWSKI, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70527.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 6, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerzy Jankowski, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' dismissal of his appeal from the denial of his applications for asylum and withholding of deportation. Jankowski based his applications on his membership and participation in Solidarity. After dismissing Jankowski's appeal, the BIA issued a final order of deportation. We have jurisdiction pursuant to section 106 of the Immigration and Nationality Act, 8 U.S.C. § 1105a. We deny the petition.
 
 
 3
 Jankowski contends that the BIA erred by basing its decision on "improper political considerations" including, presumably, the political conditions that have prevailed in Poland since the election of Lech Walesa as President in 1990. We reject the contention. The BIA was entitled to take administrative notice of the changed conditions in Poland and of the effect of those changes on Jankowski's fear of persecution. See Acewicz v. INS, No. 91-70257, slip op. at 978 (9th Cir., Feb. 4, 1993).
 
 
 4
 Jankowski argues that the immigration judge based his decision on an advisory opinion submitted by the Bureau of Human Rights and Humanitarian Affairs, and that reliance on that opinion denied him due process because he was unable to cross-examine the opinion's author. This argument fails because the IJ did not rely on the BHRHA opinion. See Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990). Even if he had, our review is limited to decisions of the Board of Immigration Appeals. Acewicz, slip op. at 974. The BIA specifically disclaimed reliance upon the BHRHA opinion, and we see no reason to doubt the veracity of that disclaimer.
 
 
 5
 Jankowski's claim was evaluated on its own merits. His assertion that the IJ denied his applications in a "blanket fashion" is belied by the administrative record and supported, if at all, only by extra-record evidence, which we do not evaluate. See 8 U.S.C. § 1105a(a)(4). In any event, our review is limited to the BIA decision, Acewicz, slip op. at 974, and Jankowski does not allege that the BIA denied his claim in a "blanket fashion."
 
 
 6
 The BIA's finding that Jankowski lacked a well-founded fear of persecution is supported by substantial evidence. Nothing more is required. INS v. Zacarias, 112 S.Ct. 812, 815-17 (1992) (reversal warranted only where evidence compels conclusion that fear of persecution is well-founded); Acewicz, slip op. at 978.
 
 
 7
 Finally, Jankowski argues that he was denied due process because of inadequacies in the translation services at his deportation hearing. He specifies only a single instance of inaccurate translation, which was objected to by Jankowski's attorney and immediately corrected. Jankowski fails to explain how better translation would have altered the outcome of his hearing. See Acewicz, slip op. at 982.
 
 
 8
 The BIA did not abuse its discretion, see id. at 978, in denying Jankowski's applications for asylum and withholding of deportation.
 
 
 9
 PETITION DENIED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3